UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RODOLFO URENA CORRAL and MARIA URENA,

                      Plaintiffs,

-against-

THE OUTER MARKER LLC and GLOBAL STEEL, INC.,

                      Defendants.
----------------------------------------------------------------X

10-CV-

**COMPLAINT**

**JURY TRIAL DEMANDED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 15 2010 ★
BROOKLYN OFFICE

FEUERSTEIN, J

LINDSAY, M.J.

        Plaintiffs by their attorneys, Jaroslawicz & Jaros LLC, complaining of the defendants, allege upon information and belief as follows:

### THE PARTIES

        1.    This complaint involves an incident that occurred on November 28, 2009 ("Date of Accident").

        2.    At all times relevant, plaintiffs are husband and wife.

        3.    Plaintiffs are citizens of the country of Mexico and are domiciled in Arizona.

        4.    The defendant The Outer Marker LLC ("Outer Marker") is a New York limited liability company with its principal place of business in New York.

        5.    At all times relevant, the defendant Global Steel, Inc., is a corporation organized or existing under the laws of the State of Colorado, with its principal office in Colorado.

### JURISDICTION AND VENUE

        6.    The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

        7.    This Court has jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), in that the plaintiffs are citizens or subjects of a

foreign State, i.e., Mexico, or a State, Arizona, or both, and each defendant is a citizen of New York or another State that is not Arizona.

8. Venue is properly placed in the Eastern District of New York since a defendant is located here, the events occurred here, medical treatment was provided here, and witnesses are located here.

9. Outer Marker is citizen of New York.

10. Outer Marker owns, uses, or possesses real property in New York.

11. The defendants contracted to provide goods or services in New York or committed a tortious act here.

## THE UNDERLYING FACTS

12. At all time relevant, the County of Suffolk owned and operated an airport known as Francis S. Grabeski Airport, located in Westhampton Beach, New York ("the Airport").

13. At some time prior to the Date of Accident, Outer Marker, as lessee, entered into a lease agreement with the Airport.

14. At some time prior to the Date of Accident, on behalf of itself or others, defendant Global Steel, Inc., contracted various workers or subcontractors to perform construction work at the Airport.

15. The construction work at issue involved the erection of a large, metal frame airplane hanger, located in the north side of the Airport grounds.

16. Defendant Global Steel, Inc., was a contractor or agent for the construction work at issue.

17. On the Date of Accident, plaintiff Rodolfo Urena Corral was caused to be injured while engaged in the erection of the hanger and using a defective hoist or lift which had not been properly placed and was hazardous.

18. Plaintiff may rely on the doctrine of *Noseworthy v. City of New York*, 298 NY 76, 80 N.E.2d 744 (1948).

19. Due to the defendants' negligence and violations of statute, plaintiff Rodolfo Urena Corral was caused to suffer severe personal injuries, including extended lack of oxygen; anoxic hypoxic brain injury; multiple mandible fractures, requiring surgery including open reduction and internal fixation, and may require further surgery; pneumothorax; jaw banded shut after surgery; trache tube; feeding tube; tracheal laceration; required emergency medical care, including helicopter evacuation to Peconic Bay Medical Center, and transfer to Stony Brook Medical Center; extensive hospital admission; unable to eat, feed himself, attend to activities of daily living on his own; required emergency hospital and medical care and attention and will require medical care and attention and rehabilitative care in the future; required liquid, puree and liquefied diet; weakness, extremities; extreme pain and suffering; mental anguish and distress; unable to attend to regular duties and vocation and avocation continuing into the future; loss of earnings into the future; and plaintiff has been otherwise damaged.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFF RODOLFO URENA CORRAL

20. At all times hereinafter mentioned, plaintiff was performing the work within the scope of his employment.

21. The defendants were each an owner, contractor, agent of an owner or contactor, or any of these, within the meaning of New York Labor Law ("Labor Law") § 240(1).

22. The hanger was a "building or other structure" as defined by the Labor Law.

23. At the time of his injury, the plaintiff was performing "erection, demolition, repairing, altering, painting, cleaning and/or pointing of a building or structure" within the meaning of Labor Law § 240(1).

24. The defendants failed to "furnish[] or erect[] for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices . . . so constructed, placed and operated as to give proper protection" the plaintiff, as required by Labor Law § 240(1).

25. In particular, the defendants failed to furnish the plaintiff with proper equipment or to place or operate it properly for the installation of metal beams and screws, as required by Labor Law § 240(1).

26. As a result of the defendants' failure to construct, place, and operate proper safety equipment as required by Labor Law § 240(1), the plaintiff was caused to become seriously and permanently injured, as described above.

27. Defendants are jointly and severally liable to the plaintiff pursuant to Article 16 of the CPLR.

28. By reason of the foregoing, the plaintiff is entitled to recover all of his damages from the defendants in an amount to be determined by a jury at trial.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFF RODOLFO URENA CORRAL

29. Plaintiffs repeat and re-allege each of the foregoing allegations with the same force and effect as if more fully set forth herein.

30. The Airport contained an area in which construction, excavation or demolition work was being performed within the meaning of Labor Law § 241(6).

31. At the time of his injury, the plaintiff was engaged in "constructing or demolishing buildings or doing any excavating in connection therewith" within the meaning of Labor Law § 241(6).

32. The area was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the plaintiff, as required by Labor Law § 241(6).

33. In particular, the defendants failed to furnish the plaintiff with proper guards, protection, and equipment for his work as required by Labor Law § 241(6).

34. The defendant violated specific provisions of the New York State Industrial Code, including 12 NYCRR §§ 23-1.5(a), (b), (c)(1), (c)(2), (c)(3); 23-1.7(b), (b)(2)(i), (b)(2)(ii); 23-5.1(a), (b), (c)(1), (c)(2), (f), (h), (i), (j), (j)(1); 23-5.3(e), (g), and (g)(1); and other specific provisions, and at the time of trial the plaintiffs will ask the Court to take judicial notice of all applicable statutes, laws, rules and regulations.

35. As a result, the plaintiff was caused to become seriously and permanently injured, as described above.

36. Defendants are jointly and severally liable to the plaintiff pursuant to Article 16 of the CPLR.

37. By reason of the foregoing, the plaintiff is entitled to recover all of his damages from the defendants in an amount to be determined by a jury at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RODOLFO URENA CORRAL

38. Plaintiffs repeat and re-allege each of the foregoing allegations with the same force and effect as if more fully set forth herein.

39. The defendants, who contracted for the work and supervised it, by their agents, servants or employees, were reckless, careless and negligent in, among other things, failing to have work performed in a safe manner; in failing to provide efficient and sufficient personnel; failing to provide a safe workplace; in creating a trap and a hazard; failing to provide proper tie lines, safety harnesses, railings; in failing to provide proper safety devices; in failing to coordinate the work; in failing to provide proper supervision; in failing to furnish or erect, or cause to be furnished or erected scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which were so constructed, placed and operated as to give proper protection to the claimant; in failing to provide a workplace that was

constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of plaintiff; in failing to provide machinery, equipment, and devices at the workplace that was so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to claimant; in violating various statutes, including Labor Law §§ 200, 240(1) and 241(6) and the regulations promulgated thereunder including 12 NYCRR §§ 23-1.5(a), (b), (c)(1), (c)(2), (c)(3); 23-1.7(b), (b)(2)(i), (b)(2)(ii); 23-5.1(a), (b), (c)(1), (c)(2), (f), (h), (*i*), (j), (j)(1); 23-5.3(e), (g), and (g)(1); and defendants were otherwise reckless, careless, and negligent.

40.  By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

41.  By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

## AS AND FOR A FOURTH CLAIM FOR RELIEF, ON BEHALF OF PLAINTIFF MARIA URENA

42.  Plaintiffs repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

43.  At all times relevant to this complaint, plaintiff Maria Urena was the lawful wife of the plaintiff Rodolfo Urena Corral and as such was entitled to his society, support, services and consortium.

44.  By reason of the defendants' negligence and statutory violations as aforesaid, plaintiff Maria Urena was deprived of the society, support, services and consortium of her husband; was required to travel back and forth to New York; and has been otherwise damage.

45.  By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

46.     By reason of the foregoing, the plaintiff Maria Urena is entitled to recover all of her damages from the defendants.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

Dated: March 5, 2010

> Yours,
>
> JAROSLAWICZ & JAROS LLC
> *Attorneys for the plaintiffs*
>
> by: _____
>      David Tolchin
> 225 Broadway, 24th Floor
> New York, New York 10007
> (212) 227-2780

## JURY TRIAL DEMAND

Plaintiff demands that this case be tried by a jury.

_____
David Tolchin